805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathryn J. GUTZWILLER, Plaintiff-Appellant,
v.
Bernard C. FENIK; Getzel M. Cohen; Joseph Steger; Gisela
Walburg; Gerald Cadogan; Archie Christerpherson; Michael
Sage; T.M. Bell; The University of Cincinnati; Paul W.
Christensen, Jr.; Dr. Charles M. Barrett, Walter E.
Bartlett; Rev. Dr. L. Vencel Booth; William J. Keating,
Jr.; Marjorie B. Parham; John H. Hermanies; Lyle
Everingham; Stanley M. Chesley; Norman Baker, Defendants-Appellees.
 No. 86-3728.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1986.
 
 Before ENGEL, KRUPANSKY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Defendants move to dismiss plaintiff's appeal on the basis that it is premature. Plaintiff opposes dismissal. Plaintiff sued members of the Reappointment, Promotion and Tenure Committee of the Classics Department, University of Cincinnati; the President of the University; the Dean of the University's Law School; and the Secretary of the United States Department of Education. She alleged sex discrimination under Title VII, sex discrimination under the Equal Protection Clause of the Fourteenth Amendment and violation of substantive due process under 42 U.S.C. Sec. 1983. The last two claims were tried by a jury, which rendered a verdict for plaintiff against Steger, Fenik and Cohen. Judgment on the verdict was entered on July 11, 1986. On July 17, Steger moved for judgment notwithstanding the verdict or for a new trial. The district court entered its judgment on the Title VII claim on July 21, 1986. On July 25 Fenik and Cohen moved for a new trial. On July 30, 1986, plaintiff filed her first notice of appeal. That appeal has been docketed as case no. 86-3728.
 
 
 2
 On August 15, 1986, the district court disposed of the pending motions and entered final judgment. On September 9, plaintiff appealed from the August 15 judgment. Defendants cross-appealed.
 
 
 3
 Upon consideration, we conclude that this case must be dismissed because there had been no final judgment entered herein at the time that the first notice of appeal was filed. Federal Rule of Appellate Procedure 4(a) provides that a notice of appeal must be filed within 30 days of the district court's judgment, unless one of the following time tolling motions are filed: a Rule 50(b) motion for judgment, notwithstanding the verdict, or for a new trial; a Rule 59(b) motion to amend additional findings of fact; a Rule 59 motion to alter or amend the judgment; or a Rule 59 motion for a new trial. Rule 4(a)(4). If a notice of appeal is filed before a time tolling motion is disposed of, it is a nullity. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). A new notice of appeal must be filed within thirty days of the entry of the order disposing of the time tolling motion. Rule 4(a)(4).
 
 
 4
 Here, plaintiff filed her first notice of appeal while Steger's Rule 50(b) motion and Cohen and Fenik's Rule 59 motion were pending before the district court. Clearly, these motions tolled the appeal period; so, plaintiff's first appeal was premature.
 
 
 5
 Therefore, it is ORDERED that the motion to dismiss case number 86-3728 is granted.